FILED
2007 Jul-24 PM 04:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLASS R. ADKINS,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) **2:07-cv-1338-UWC** |
| **BROADSPIRE SERVICES, INC,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Douglas R. Adkins ("Adkins") initially filed this lawsuit in Alabama state court against his former employer, Broadspire Services, Incorporated ("Broadspire"), from whom Adkins receives worker's compensation benefits. In September 1994, an Alabama state Court entered an order approving a worker's compensation Consent Agreement between Adkins and Broadspire, which requires that Adkins' worker's compensation medical benefits "remain open." (Consent Agreement ¶ 4.) In his most recent state court complaint, Adkins alleges that Broadspire has failed to live up to its obligations under the Consent Agreement. Specifically, Adkins alleges that Broadspire "interfered with the recommended and prescribed medically necessary treatment of Plaintiff by denying medication and treatment based upon economic considerations and to the detriment of the

Plaintiff."  (Compl. ¶ 2.)   Adkins further alleges that he has suffer sever emotional distress as result of Broadspire's conduct.  (Compl. ¶ 3.)  Adkins has not asserted any claims under federal law against Broadspire.

On July 20, 2007, Broadspire removed the present action to this Court claiming that diversity of jurisdiction exists.  (Notice of Removal ¶ 4.)  According to the Notice of Removal, Adkins is a citizen of Alabama, while Broadspire was organized under the laws of Alabama and has its principal place of business in Georgia.  (Notice of Removal ¶¶ 2-3.)

This Court is obligated to raise questions concerning subject matter jurisdiction *sua sponte*.  *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*.").  The present removal is flawed for two reasons.

First, complete diversity of citizenship is not present.  For purposes of diversity, a corporation is considered a citizen of both the place where it incorporated and the place where it has is principal place of business.  28 U.S.C. § 1332(c)(1).  Inasmuch as Broadspire admits that it was organized under the laws of the state of Alabama, Broadspire is a citizen of Alabama.  Because Adkins is also a citizen of Alabama, diversity is not present.

The second flaw in the removal also relates to the Alabama citizenship of

Broadspire. "For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (citing 28 U.S.C. § 1441(b)). Thus, even if diversity of citizen where present, the present removal was improper.

Accordingly, by separate order, this action will be remanded.

Done this 24th day of July, 2007.

                                         U.W. Clemon
                               United States District Judge