FILED
2007 Sep-28 PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLASS R. ADKINS,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**BROADSPIRE SERVICES, INC,** )<br>)<br>Defendant. )<br>)<br>) | Civil Action Number<br>**2:07-cv-1338-UWC** |

### MEMORANDUM OPINION ON THIS COURT'S JURISDICTION

Douglas R. Adkins ("Adkins") initially filed this lawsuit in Alabama state court against his former employer, Broadspire Services, Incorporated ("Broadspire"), who removed the present action to this Court claiming that diversity of jurisdiction existed. (Notice of Removal ¶ 4.)  According to the first Notice of Removal filed by Broadspire, Adkins is a citizen of Alabama, while Broadspire was organized under the laws of Alabama and has its principal place of business in Georgia.  (Notice of Removal ¶¶ 2-3.) Given the apparent absence of diversity jurisdiction, this Court remanded the action. (Doc. 3.)

Later, Broadspire apparently hand delivered an Amended Notice of Removal, (Doc. 4), indicating that Broadspire was organized under the laws of Delaware, rather

than Alabama.  As such, there was complete diversity between the parties.  However, Broadspire did not file the notice electronically as required under this Court's electronic filing requirements, nor did Broadspire submit a disk along with the hard copy; the electronic filing guidelines allow parties to file initial pleadings, such as removal notices, by submitting a hard copy and disk to the Clerk's Office.  Subsequently, it appears that various communications between Broadspire and the Clerk's office occurred and the notice of removal was ultimately filed electronically outside of the thirty-day removal period.

Whether or not the notice of removal was timely filed, this Court does not have jurisdiction over the present dispute.

In September 1994, an Alabama state Court entered an order approving a worker's compensation Consent Agreement between Adkins and Broadspire, which requires that Adkins' worker's compensation medical benefits "remain open."  (Consent Agreement ¶ 4.)  Adkins alleges that Broadspire has failed to live up to its obligations under the Consent Agreement.  Specifically, Adkins alleges that Broadspire  "interfered with the recommended and prescribed medically necessary treatment of Plaintiff by denying medication and treatment based upon economic considerations and to the detriment of the Plaintiff."  (Compl. ¶ 2.)   Adkins has not asserted any claims under federal law against Broadspire.

According to the applicable removal statute, "A civil action in any State court

arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The Alabama worker's compensation statute specifically "requires [that] the employer . . . pay the actual cost of reasonably necessary medical and surgical treatment, physical rehabilitation, and medicine if the treatment is obtained by an authorized physician." *Alverson v. Fontaine Fifth Wheel Co.*, 586 So. 2d 216 (Ala. Civ. App. 1991) (citing Alabama Code § 25-5-77(a)). Because Adkins' claims involve interpretation of the worker's compensation statute, as well as a settlement agreement from a worker's compensation case, the present dispute "aris[es] under the workmen's compensation laws" of Alabama and the present Court does not have jurisdiction.

Accordingly, by separate order, this action will be remanded. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966); *In re Decorator Industries, Inc.*, 980 F.2d 1371, 1373 (11th Cir. 1992)(citing 28 U.S.C. §1447(c) (acknowledging that a "district court may remand a case back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'")

Done this 28th day of September, 2007.

_____
U.W. Clemon
United States District Judge